# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OVELL THOMAS,**

    **Plaintiff,**

  v.                                                 **Case No. 20-CV-1458**

**DOLLAR TREE et al.,**

    **Defendant.**

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

On September 17, 2020, Ovell Thomas filed a *pro se* complaint against Dollar Tree, his former employer, and others. (Docket # 1.) Thomas also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that Thomas is indigent, his motion will be granted. However, because his complaint in its current form fails to state a claim upon which relief may be granted, I will grant him leave to amend his complaint.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Thomas asserts that he is unemployed, unmarried, has no property, and is homeless. (Docket # 2.) Further, Thomas avers that he has no monthly or yearly income. (*Id.*) Thus, I am satisfied that Thomas is indigent for purposes of the *in forma pauperis* statute and will grant his motion.

I find Thomas' complaint, however, legally deficient. Thomas alleges that he worked for Dollar Tree in Appleton, Wisconsin from October 2016 until March 2019, when he was fired because of his race. (*Id.*) Before bringing a Title VII employment discrimination claim to federal court, a plaintiff must exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") and receiving authorization to sue ("right to sue letter"). 42 U.S.C. § 2000e-5(b), (f); *Conner v. Ill. Dept't Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005). Thomas' complaint does not indicate that an EEOC charge has been

2

filed. Therefore, Thomas will be given the opportunity to amend his complaint and include his right to sue letter from the EEOC.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Thomas is advised that the amended complaint replaces the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint. Accordingly, matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Should Thomas fail to file an amended complaint within fourteen (14) days of the date of this order, I will recommend that the action be dismissed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Thomas' motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Thomas shall file an amended complaint consistent with this decision and order within fourteen (14) days of the date of this order. Should Thomas fail to timely file an amended complaint, I will recommend that this action be dismissed.

Dated at Milwaukee, Wisconsin this 30th day of September, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge