UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

OVELL THOMAS,

              Plaintiff,

                                           Case No. 20-cv-1458-pp

v.

DOLLAR TREE,

              Defendant.

_____

**ORDER ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 7), CONSTRUING LETTER AS OBJECTION (DKT. NO. 8), OVERRULING OBJECTION AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

_____

**I.    Background**

The plaintiff, a resident of Kileen, Texas, worked at a Dollar Tree in Appleton, Wisconsin from 2016 until he was fired in March 2019. Dkt. No. 1. He filed this complaint against Dollar Tree, Kevin Schrimshaw and Steve T., alleging that the store manager started "playing" with the plaintiff's hours because of the plaintiff's race. Id. According to the plaintiff, Dollar Tree replaced him with a white female, causing him humiliation, lost wages and emotional damage. Id.

Magistrate Judge Nancy Joseph granted the plaintiff leave to proceed without prepaying the filing fee but ordered him to file an amended complaint along with his notice of right-to-sue letter from the EEOC. Dkt. No. 5. Judge Joseph construed the plaintiff's allegations as a claim that he was subjected to

employment discrimination under Title VII of the Civil Rights Act, and explained that before a plaintiff can file an employment discrimination case under Title VII, the law requires that he must "exhaust" his administrative remedies by filing a charge with the Equal Employment Opportunity Commission (EEOC) and proving to the court that he did so by providing the court with a "right to sue letter" from the EEOC. Dkt. No. 5 at 2.

The plaintiff filed an amended complaint on October 13, 2020. Dkt. No. 6. This time, he named only Dollar Tree as a defendant; the amended complaint included more facts than the original complaint, but it said nothing about exhausting his remedies or receiving a right-to-sue letter. Id. Judge Joseph has recommended that this court dismiss the amended complaint, noting that the plaintiff "again fail[ed] to allege that he has exhausted his administrative remedies." Dkt. No. 7 at 2.

## II. Objection

On October 26, 2020, the court received a letter from the plaintiff, saying that he was writing to "dispute that I have witnesses that can back up my case." Dkt. No. 8 at 1. The plaintiff identifies Ray, Leta and Michelle and provides their respective phone numbers. Id. He asks the court to call these individuals because they have information about "how [the plaintiff] was and they part of this." Id. He explains that he's never gone through anything like this and that being discriminated against is humiliating, embarrassing and disappointing. He concludes by saying, "I wish you can find in your heart to help me please." Id.

2

Case 2:20-cv-01458-PP   Filed 11/06/20   Page 2 of 4   Document 9

The court construes this letter as an objection to Judge Joseph's recommendation. It will review the complaint *de novo*. See 28 U.S.C. §636(b)(1)(C) ("A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").

**III. Analysis**

The plaintiff has alleged discrimination and retaliation in connection with the defendant's decision to fire him. Title VII of the Civil Rights Act prohibits employers from discriminating based on race. But Title VII requires that a person first file a complaint with the Equal Employment Opportunities Commission (EEOC) before suing in federal court. Tyson v. Gannett Co., 538 F.3d 781, 783 (7th Cir. 2008). This requirement serves two purposes—it gives the EEOC an opportunity to investigate and "settle the dispute through conference, conciliation and persuasion" and it "gives the employer some warning of the conduct about which the employee is aggrieved." Cheek v. W. and S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) (quoting Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir.1992)). If the EEOC decides not to investigate or sue on the plaintiff's behalf, he then can file his case in federal court.

The filing of a timely complaint is not a jurisdictional prerequisite to suit in federal court; it normally is considered an affirmative defense. Mosley v. Board of Educ. of City of Chi., 434 F.3d 527, 533 (7th Cir. 2006). Dismissal for failure to file an EEOC charge may be warranted, however, where it is apparent

3

that the plaintiff has failed to exhaust. See id.; James v. Get Fresh Produce, Inc., No. 18 C 4788, 2019 WL 1382076, *4 (N.D. Ill. Mar. 27, 2019) (dismissing after the plaintiff had an opportunity to amend because the plaintiff had not shown that he filed timely EEOC charge alleging racial discrimination).

The plaintiff has had three opportunities to provide a notice of right to sue letter or prove that he'd gone to the EEOC before coming to federal court—the complaint, the amended complaint and his objection. He has not provided such proof and he has not explained to the court why he did not go to the EEOC first. If, as the court suspects, the plaintiff did not file an EEOC claim first before filing this federal case, he has not exhausted his remedies and he cannot proceed in federal court.

The court **ADOPTS** Judge Joseph's recommendation. Dkt. No. 7.

The court **CONSTRUES** the plaintiff's letter as an objection and **OVERRULES** it. Dkt. No. 8

The court **ORDERS** this case is **DISMISSED WITHOUT PREJUDICE**. A dismissal without prejudice means that the plaintiff can file his suit in federal court once he has exhausted his administrative remedies. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 6th day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**