UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OVELL THOMAS,

        Plaintiff,

v.

        Case No. 20-cv-1458-pp

DOLLAR TREE,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 11), REOPENING CASE AND ORDERING U.S. MARSHAL TO SERVE DEFENDANT**

---

On November 6, 2020, the court adopted Magistrate Judge Nancy Joseph's report and recommendation and dismissed the amended complaint because the plaintiff had had three opportunities to provide the court with evidence that he had exhausted his administrative remedies before filing this federal case. Dkt. No. 9 at 4. The court acknowledged that the filing of a timely complaint is not a jurisdictional prerequisite and normally is considered an affirmative defense. Id. at 3. Because the plaintiff had been given three opportunities to provide the notice of right-to-sue letter or otherwise prove that he'd gone to the EEOC before filing in this court, however, the court dismissed the case without prejudice. Id. at 4.

One month later the plaintiff filed a letter, which the Clerk of Court docketed as a motion for reconsideration. Dkt. No. 10. The plaintiff attached to the letter his notice of right to sue from the EEOC (dated August 14, 2020),

1

dkt. no. 11-1, and apologized for the inconvenience. Id. He explained that he did not know he was supposed to have the letter, and that "Mr. Drake" knew he was supposed to have the letter but did not send the letter to the plaintiff when "Mr. Drake" finished with the plaintiff's case. Id. The plaintiff adds that he "gave" Mr. Drake his witnesses but that Mr. Drake never contacted them. Id.

"[T]he Federal Rules of Civil Procedure do not expressly recognize a motion to reconsider.'" United States v. Roth, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. April 19, 2010). Courts in the Seventh Circuit, however, generally apply the standards of Rule 59(e) or Rule 60(b) to such motions. Washington Frontier League Baseball, LLC v. Zimmerman, No. 1:14-cv-01862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 60(b) is available where a movant files within a "reasonable amount of time" after final order and judgment. Fed. R. Civ. P. 60(b). The plaintiff filed his letter thirty-one days after the court entered the judgment; the court will consider the motion under Rule 60(b).

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud or any other reason that justifies relief. Fed. R. Civ. P. 60(b). The plaintiff says that he relied on Mr. Drake (although he does not say who Mr. Drake is or why he was relying on him). The August 14, 2020 right-to-sue letter sheds some insight—"Mr. Drake" may be Drake C. Van Thiel, the

2

investigator and EEOC representative. Dkt. No. 11-1 at 1. The letter is addressed to Ovell Thomas, at 4401 Deek Avenue Apt. A in Killeen Texas, id., which the plaintiff says is an old address.[1] Dkt. No. 11. Moreover, the plaintiff says that Mr. Drake simply gave him the court's phone number and did not give him the letter when Drake got finished with the case. Id. The plaintiff appears to allege that before the court dismissed this federal lawsuit, the plaintiff had not received the right-to-sue letter and didn't realize he should have had the letter. The court finds such circumstances justify relief and will reopen the case (which it had dismissed without prejudice).

Magistrate Judge Joseph previously granted the plaintiff leave to proceed without prepaying the filing fee, and this court had found that the amended complaint alleged discrimination and retaliation in connection with the defendant's decision to fire the plaintiff from his position in an Appleton store.[2] Dkt. No. 9 at 3. The court will allow the plaintiff to proceed on that claim and order the U.S. Marshal to serve the defendant.

The court **GRANTS** the plaintiff's motion for reconsideration. Dkt. No. 11.

---

[1] In the amended complaint, the plaintiff lists his address as 1412 Alta Mira Dr., Killeen, Texas. Dkt. No. 6.

[2] This case may belong in the Green Bay Division because the plaintiff worked in Appleton, which is part of Calumet, Outagamie and Winnebago counties. The Eastern District of Wisconsin's General Order Regarding Assignment of Cases to the United States District Judge Designated to Hold Court in Green Bay, Wisconsin, provides that civil cases having the greatest nexus to these counties shall be assigned to the Green Bay Division. See wied.uscourts.gov/general-orders/assignment-cases-green-bay-division-amended.

The court **ORDERS** that the November 6, 2020 order of dismissal (Dkt. No. 9) and the corresponding judgment (Dkt. No. 10) are **VACATED**.

The court **ORDERS** the Clerk of Court to **REOPEN** this case.

The court **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order on the defendants under Fed. R. Civ. P. 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because indigent plaintiffs do not have the funds to pay filing fees, it has not made any provision for these service fees to be waived by either the court of the U.S. Marshals Service.

The court **ORDERS** that the defendant must answer or otherwise respond to the complaint within the time allowed by the Federal Rules of Civil Procedure.

The court **ORDERS** that plaintiff must submit all correspondence and pleadings to

> United States District Court
> Office of the Clerk
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the case.

The plaintiff must communicate only with the defendant's lawyer. The parties may not begin discovery (asking each other for documents) until after the defendant has answered or otherwise responded and the court has issued a scheduling order setting deadlines for completing discovery and filing dispositive motions. The plaintiff should keep a copy of every document he files with the court. If the plaintiff's address changes, he must notify the court immediately; if he doesn't, he may not receive important notices and documents relating to his case. If the plaintiff repeatedly fails to file documents by the deadlines the court sets, the court could dismiss his case for failure to diligently prosecute it. Civil Local Rule 41(c) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 15th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**